IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HALLE DEVELOPMENT, INC., et al.   :
                                  :
v.                                :   Civil Action WMN-00-2678
                                  :
ANNE ARUNDEL COUNTY,              :
MARYLAND

**MEMORANDUM**

Before the Court is Defendant's Second Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Paper No. 11).[1] The motion has been fully briefed and is ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted.

Plaintiffs, Halle Development, Inc. and Halle Enterprises, Inc.,[2] are Maryland corporations engaged in the development of residential real estate in Anne Arundel County. See Complaint at ¶ 1, 2. As such, they are required to comply with the "Anne Arundel County Adequacy of Facilities Ordinance" (the "Ordinance"), which was adopted by the Anne Arundel County Council in 1967, and is now codified as Article 26 § 2-416 of the

---

[1] Also before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion to Stay (Paper No. 4). As the Court finds that dismissal is appropriate under the doctrine of res judicata, this motion will be denied as moot.

[2] Plaintiffs purport to also represent "others of the same class." Complaint at 3. Plaintiffs, however, did not file, and this Court has not granted, a motion for class certification.

1

Anne Arundel County Code. The purpose of the Ordinance is to ensure that all residential development will be supported by county services, including schools, and states, in pertinent part, that

> within two years following approval of a final subdivision plat, elementary and secondary schools in the service area of the proposed subdivision shall be adequate to accommodate the school population projected to be generated from the proposed subdivision.

Anne Arundel County Code, Article 26 § 2-416(b). To achieve this goal, final approval of a proposed residential subdivision will not be granted unless all requirements of the Ordinance are satisfied, or unless one of the stated exceptions are met. See id. at ¶ 13. One such exception is found in section 2-411,[3]

---

[3]Under section 2-411, a waiver of any of the Ordinance requirements is permitted if:

(1) the application of the requirement to the proposed subdivision would result in peculiar and exceptional practical difficulty to or exceptional and demonstrable undue hardship on the subdivider, other than financial considerations;

(2) the physical features and other characteristics of the proposed subdivision are such that the waiver may be granted without impairing the intent and purpose of the requirement for which the waiver has been requested, the other provisions of this article, the Zoning Article and the General Development Plan;

(3) the grant of the waiver will not endanger or present a threat to the public health, safety, or welfare; and

which grants the Planning and Zoning Officer the power to waive one or more of the Ordinance requirements. See id. at ¶ 14.

Plaintiffs allege that in 1989 County officials "devised and implemented a scheme to circumvent" the Ordinance by creating a "de facto administrative procedure allowing applicants for residential subdivision to avoid the requirements of the [] Ordinance in exchange for executing 'school waiver agreements.'" Id. at ¶ 15. The school waiver agreements were designed to be exchanged for a specified sum of money, see id., and/or for a conveyance of land to be used for "future school sites." Id. at ¶ 22. Plaintiffs further allege that Defendant knew that the policy resulted in the confiscation of property without due process of law, see id. at ¶ 23, and that Defendant lacked the authority to ensure that any land conveyed under a waiver was actually used as a future school site. Id. at ¶ 24. Plaintiffs entered into two such agreements: the Seven Oaks Agreement and the Old Mill Senior High School Agreement.

On September 5, 2000, Plaintiffs filed suit in the Circuit

---

(4) the waiver is the minimum relief available and
necessary to relieve the difficulty or hardship to
the subdivider.
Anne Arundel County Code, Article 26 § 2-411(b).

Court for Anne Arundel County and, approximately one hour later, filed an almost identical complaint, bringing the same thirteen counts, in this Court.[4]  Defendant responded by filing a motion to dismiss, on grounds of abstention, or, in the alternative, a motion to stay pending a ruling by the Circuit Court.  Plaintiff opposed the motion.  Before this Court could address the pending motion, the Circuit Court, on February 16, 2001, entered an order granting Defendant's motion for summary judgment and disposing of all claims, including the allegations pursuant to section 1983.  Subsequently, on March 1, 2001, Defendant filed a second motion to dismiss or, in the alternative, for summary judgment, on the grounds that a ruling by this Court is now barred by the doctrine of res judicata.

The doctrine of res judicata embodies the fundamental precept of common-law adjudication that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a

---

[4]The Counts alleged are: violation of 42 U.S.C. § 1983 (I); violations of Maryland Constitutional and Civil Rights (II-V); Fraud (VI); Deceit (VII); Civil Conspiracy (VIII); Contracts in Violation of Public Policy (IX); Breach of Contract (X); Recession (XI); Illegality and Invalidity of Deeds/Conveyances (XII); and Negligence (XIII).  Counts VI (Fraud), VII (Deceit), VIII (Civil Conspiracy), and XIII (Negligence) were subsequently dismissed pursuant to the Stipulation and Order of Dismissal entered on October 23, 2000.

subsequent suit between the same parties or their privies." Montana v. United States, 440 U.S. 147, 153 (1979) (quoting Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49 (1897)) (internal quotation marks omitted). The underlying purpose of the doctrine is that barring subsequent litigation avoids "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent decisions." Murray Int'l Freight Corp. v. Graham, 315 Md. 543, 547 (1988) (quoting Montana, 440 U.S. at 153-54) (internal quotation marks omitted).

The doctrine of res judicata applies equally to state and federal courts. See Allen v. McCurry, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."); Warwick Corp. v. Maryland Dept. of Transp., 573 F.Supp. 1011, 1012 (D. Md. 1983), aff'd, 735 F.2d 1359 (4th Cir. 1984) (finding that a "state court judgment commands the same res judicata effects in federal court that it would have in the court that entered it"). This is true even when the state court is deciding federal constitutional issues. See Warwick, 573 F.Supp. at 1013.

Under Maryland law, res judicata serves to bar subsequent

5

litigation when the following elements are satisfied: (1) the parties in the present litigation must be the same or in privity with the parties in the earlier litigation; (2) the second suit must present the same cause of action or claims as the first; and (3) the earlier litigation must have resulted in a valid final judgment on the merits by a court of competent jurisdiction. See deLeon v. Slear, 328 Md. 569, 580 (1992) (citations omitted). For purposes of res judicata, an issue finally decided by a grant of summary judgment is considered a valid final judgment on the merits. See id. (citing Mettee v. Boone, 251 Md. 332, 341 (1968)); Deitz v. Palaigos, 120 Md. App. 380, 396-97, cert. denied, 351 Md. 162 (1998). In addition, the filing of an appeal does not negate the finality of the judgment. See Warwick, 573 F.Supp. at 1014 (commenting that "no Maryland decision has held that a judgment is stripped of its res judicata consequences because it is being appealed"). See also Howard Oaks, Inc. v. Maryland National Bank, 810 F.Supp. 674, 676 (D. Md. 1993).

    In the instant action, all of the elements of res judicata are satisfied: the parties in this action are the same as those in the State court action; the claims alleged are identical;[5]

---

[5] The Court notes that on December 27, 2000, an Amended Complaint was filed in the Circuit Court action. The Amended Complaint did not, however, contain any new allegations or causes of action. Instead, it merely added Arundel Homes, Inc. as a

and, the Circuit Court has entered as valid and binding final judgment on the merits. Notwithstanding this, Plaintiffs argue that a "'re-determination of issues is warranted'" because there is "'reason to doubt the quality, extensiveness, or fairness of the procedures followed in the prior litigation.'" Opp. to Second Motion at 2, quoting Montana, 440 U.S. at 164 n.11. Specifically, Plaintiffs claim that "doubt" has been created because: the Circuit Court opinion is "errant and unsound," Opp. to Second Motion at 2; the decision is not based on a "full and fair opportunity to litigate" as there was no trial and only limited discovery; and, the decision was unfair because "the circuit court rendering the decision . . . is funded by the Defendant." Id. at 6.

The Court finds all of Plaintiffs' arguments to be without merit. The fact that Plaintiffs disagree with the Circuit Court opinion does not render it "errant and unsound." If Plaintiffs believe that the opinion contains legal errors then the proper course of action is to file a notice of appeal with the Maryland Court of Special Appeals, as Plaintiffs have done. As to the no full and fair opportunity to litigate argument, the record reflects extensive briefing in the form of nine pleadings filed

---

Plaintiff.

in the Circuit Court. See Def.'s Reply to Second Motion Ex. 1-9. In addition, two days of hearings were held before the Circuit Court rendered an opinion. The mere fact that a full blown trial was not held does not mean that Plaintiffs were denied an opportunity to fully present their arguments to the Circuit Court. Finally, as to the argument that the Circuit Court is not impartial, Plaintiffs have presented no facts to support this allegation. The Court also notes that Plaintiffs selected the forum and they did not raise this issue until after an unfavorable ruling had been issued.

For the foregoing reasons, Defendants motion to dismiss or, in the alternative, for summary judgment, will be granted. A separate order will issue.

/s/ William M. Nickerson
William M. Nickerson
United States District Judge

Dated: May 9, 2001